**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Jason Crites and Assurance Health Data, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Davis Walp and Health Analytic Strategies, LLC, <br><br> Defendants. | Case No. 20-cv-6669 <br><br><br><br> Removed From: <br> Circuit Court of Cook County, Illinois <br> Case No. 2020-CH-06357 |

**NOTICE OF REMOVAL FROM STATE COURT**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446, the above-captioned action currently pending in the Circuit Court for Cook County, Illinois, is hereby removed by Defendants Davis Walp ("Walp") and Health Analytic Strategies, LLC ("HAS," and together with Walp, "Defendants") to the United States District Court for the Northern District of Illinois, by the filing of this Notice of Removal with the Clerk of the United States District Court for the Northern District of Illinois. As grounds for removal, Defendants state:

1. On October 19, 2020, Plaintiffs Jason Crites ("Crites") and Assurance Health Data, Inc. ("AHD," and together with Cites, "Plaintiffs") filed a complaint ("Complaint") in the Circuit Court of Cook County, Illinois, entitled *Jason Crites & Assurance Health Data, Inc. v. Davis Walp & Health Analytics Strategies, LLC,* Case No. 2020-CH-06357 (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings filed in the State Court Action are attached hereto as Exhibit 1.

3. Defendants agreed to waive formal service of process in the State Court Action.

Plaintiffs filed the executed waivers with the Circuit Court Clerk on November 6, 2020. *See* Exhibit 1. Pursuant to Illinois State law, when a "waiver of service is filed by the plaintiff with the court, the action shall proceed as if a summons and complaint had been served at the time of filing of the waiver, and no proof of service shall be required." 735 ILCS 5/2-213.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is being filed within 30 days after Defendants' receipt through service or otherwise of the Complaint.

5. Pursant to 28 U.S.C. § 1446(b), this Notice of Removal is proper because both Defendants consent to removal.

6. Venue is proper because this Court is in the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a).

7. Plaintiffs generally allege in their Complaint that Defendants have stolen and misappropriated Plaintiffs' confidential information and trade secrets and interfered with "and ultimately usurp[ed] Plaintiffs' contracts and business opportunities with their clients and consultants." *See* Exhibit 1, Complaint ¶ 1. Plaintiffs seek injunctive relief, compensatory damages, punitive damages, exemplary damages, and an award of attorneys' fees, alleging they have suffered "harm to their Confidential Information, competitive market advantage and client and consultant relationships and economic opportunities." *See generally* Complaint.

8. Defendants are removing this case based upon diversity jurisdiction, as there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. 1332(a).

9. A copy of the written notice to Plaintiffs' counsel and to the Cook County Circuit Clerk required by 28 U.S.C. § 1446(d) is attached as Exhibit 2, and will be filed in the State

Court Action and served on Plaintiffs upon the filing of this Notice of Removal.

**DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)**

10. This action is removable under 28 U.S.C. § 1332(a) because it is a civil action where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

11. Crites is an individual who resides in Chicago, Illinois. Complaint ¶ 3. On information and belief, Crites is domiciled in and is thus a citizen of the state of Illinois.

12. AHD is a Delaware corporation with its principal place of business at 2470 North Clark Street, Suite 1507, Chicago, Illinois 60614. *Id.* ¶ 4. Accordingly, AHD is a citizen of the states of Delaware and Illinois. 28 U.S.C. § 1332(c)(1).

13. Walp is an individual domiciled in, and thus a citizen of, the state of Massachusetts.

14. HAS is a Massachusetts limited liability company. The sole member of HAS is Walp. Accordingly, HAS is a citizen of the state of Massachusetts. *See, e.g., Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (citizenship of limited liability company for purposes of diversity jurisdiction is citizenship of its members).

15. Complete diversity exists because Plaintiffs are citizens of Illinois and Delaware, and Defendants are citizens of Massachusetts. 28 U.S.C. §§ 1332(a), 1441(b).

16. Plaintiffs assert counts against both Defendants for (1) tortious interference with contract, (2) tortious interference with prospective economic advantage, (3) breach of fiduciary duty, (4) conversion, and (5) unjust enrichment (collectively, the "Joint Counts"). In addition to injunctive relief, Plaintiffs seek compensatory damages, punitive damages, and an award of attorneys' fees. *See* Complaint pp. 15–21.

17. In addition to the Joint Counts, Plaintiffs assert counts against HAS for (6) breach of contract, (7) violation of the Delaware Trade Secrets Act, 6 Del. C. § 2001 *et seq.*, and (8) violation of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.* In addition to injunctive relief, Plaintiffs seek compensatory damages, punitive damages, exemplary damages (up to twice the amount of actual damages and disgorged profits as permitted under the Delaware Trade Secrets Act), and an award of attorneys' fees.

18. In addition to the Joint Counts, Plaintiffs assert counts against WALP for (9) violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.*, and (10) violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* In addition to injunctive relief, Plaintiffs seek compensatory damages, punitive damages, exemplary damages (up to twice the amount of actual damages and disgorged profits as permitted under the Illinois Trade Secrets Act), and an award of attorneys' fees.

19. Based on the nature of the claims and injunctive and monetary relief sought, the amount in controversy as to both Walp and HAS exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1446(c)(2).[1]

WHEREFORE, Defendants hereby remove the State Court Action from the Circuit Court of Cook County, Illinois, to this Court, and request that the Court take jurisdiction of this civil action to the exclusion of any further proceedings in the State Court.

---

[1] A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(b) only when the plaintiff contests, or the court questions, the defendant's allegations." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

|  |  |
|---|---|
| Dated: November 10, 2020 | */s/ Steven G. Trubac* <br> Kenneth J. Mallin <br> Bryan Cave Leighton Paisner LLP <br> 211 North Broadway, Suite 3600 <br> St. Louis, Missouri 63102 <br> Tel: 314-259-2000 <br> Fax: 314-259-2020 <br> kjmallin@bclplaw.com <br><br> Steven G. Trubac <br> Bryan Cave Leighton Paisner LLP <br> 161 North Clark, Suite 3600 <br> Chicago, Illinois 60601 <br> Tel: 312-602-5000 <br> Fax: 312-602-5050 <br> steve.trubac@bclplaw.com <br><br> *Attorneys for Defendants, Davis Walp & Health Analytics Strategies, LLC* |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 10, 2020, the foregoing was electronically filed with the Clerk of the Court using the ECF system. The undersigned further certifies that copies of the foregoing were served via e-mail and U.S. Mail, postage prepaid, to:

Brian W. Ledebuhr
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
Tel: 312-609-7500
Fax: 312-609-5005
bledebuhr@vedderprice.com
*Attorney for Plaintiffs Jason Crites &*
*Assurance Health Data, Inc.*

                                                    */s/ Steven G. Trubac*
                                                    Steven G. Trubac